[Crim. No. 817.   Third Appellate District.—December 10, 1924.]

THE PEOPLE, Respondent, v. GEORGE H. BLACK-
ENBURG, Appellant.

[1] CRIMINAL LAW—VIOLATION OF WRIGHT ACT—EVIDENCE—PARTIALLY
INCOMPETENT ANSWER—ABSENCE OF SPECIFIC OBJECTION.—In a
prosecution for the unlawful sale of liquor in violation of the
Wright Act, where a witness for the prosecution testifies that he
knew defendant on a certain specified date and, upon being asked
how he knew defendant, he states that "he had been there
previously," to which he volunteers the further statement, "and
had been served with liquor and buying liquor and buying a
bottle," a motion to strike out the entire answer on the ground
that it is incompetent and improper is properly denied, as the
first part of the answer is competent and proper.

(1) 16 C. J., p. 882, n. 9.

APPEAL from a judgment of the Superior Court of
Lassen County. W. I. Redding, Judge. Affirmed.

The facts are stated in the opinion of the court.

Barry & Barry and Grover C. Julian for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant above named was tried
and convicted in the superior court of the county of Lassen
of the crime of unlawfully selling liquor, in violation of the
Wright Act (Stats. 1921, p. 79). His motion for a new
trial having been denied, he appeals from that order and
from the judgment entered against him in this cause.

There is sufficient testimony shown in the transcript, if
believed by the jury, to fill all the requirements of the law
showing guilt of the defendant beyond a reasonable doubt.

[1] The only point relied upon by the appellant is an
alleged error of the trial court in the denial of the appel-
lant's motion to strike out certain testimony. In relation
to the error assigned, the transcript shows the following
(testimony of F. W. Morrison): "Q. By Mr. Nutting: Did
you know the defendant when you went there on the 14th
day of May? A. Yes, sir. Q. How did you know him?

A. I had been there previously and had been served with liquor and buying liquor and buying a bottle. By Mr. Barry: Move to strike out the answer on the ground it is incompetent and improper. By the Court: Deny the motion.''

The appellant bases his reliance upon two cases, to wit: *People* v. *Clark,* 28 Cal. App. 670 [153 Pac. 719], and *People* v. *Johnson,* 63 Cal. App. 184 [218 Pac. 449].

While having to do with the admission of incompetent testimony, neither of these cases go to the extent of showing any reasons for a reversal herein. In the Clark case, *supra,* there was testimony admitted in the way of a voluntary statement of the witness as to other offenses. Upon proper motion to strike out the testimony, the trial court, after stating that such testimony was in effect inadmissible, nevertheless allowed it to stand. This possibly would not have been considered as sufficient ground for reversal had the district attorney not followed up the inadmissible and incompetent testimony by an argument to the jury based thereon. This argument was allowed to be made in the face of objections timely urged thereto by the defendant's counsel. In the Johnson case it appears that the prosecution was allowed to prove illegal sales of liquor upon certain premises prior to the time when the defendant took control and management thereof. Such testimony, of course, would necessarily be prejudicial to the defendant.

There is another reason, however, and an insuperable one for the appellant in this case why the decisions of the court in the two cases cited are inapplicable herein. The answer of the witness was partly competent and proper, and partly incompetent and improper. The following portion of the answer is unobjectionable: ''I had been there previously.'' The remainder of the answer, of course, should not have been given and was not entitled to any place in the case, but the defendant failed to make a timely and specific motion directed to the objectionable matter which he desired to have stricken from the record. The rule in relation to such matters has been before our supreme court several times, but the citation of two cases will suffice. In *People* v. *Rodley,* 131 Cal. 242 [63 Pac. 351], the court said: ''A motion to strike out the evidence of a witness as to the declarations of a co-conspirator which covers competent evi-

dence of such declarations is too broad, and is properly overruled." In *People* v. *Craig*, 152 Cal. 42 [91 Pac. 997], in dealing with the question of striking out evidence where a witness has given an answer partly competent and partly incompetent, the supreme court, relying upon the Rodley case, states the law as follows: "It was necessary, however, for the appellant, in moving to strike out, to specify the objectionable part of the answer and confine his motion to that, and a part of the answer being strictly responsive and his motion embracing the whole, the court was technically correct in overruling it."

A reading of the transcript also fails to show anything which would lead to the conclusion that there has been any miscarriage of justice.

The judgment and order of the trial court are affirmed.

Hart, J., and Finch, P. J., concurred.